IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDDIE LUCKETT, : No. 3:01cv1794
    Petitioner :
: (Judge Munley)
v. :
:
CONNER BLAINE and :
THE ATTORNEY GENERAL OF THE :
COMMONWEALTH OF :
PENNSYLVANIA, :
    Respondents :

## MEMORANDUM and ORDER

Presently before the court is Petitioner Eddie Luckett's ("Luckett") motion for reconsideration (Doc. 79) of our February 9, 2005 order, which denied his petition for a writ of habeas corpus for failure to satisfy the one year statute of limitations.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

Luckett argues that our order dismissing his petition for a writ of habeas corpus erred in two ways. First he argues that the Respondents waived the statute of limitations issue by failing to raise it in their response to his petition. Plaintiff is incorrect. In their response, the Respondents specifically stated "petitioner is barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) from being awarded any of the relief he seeks." (Doc. 7. ¶2 at 3).

Luckett next contends that our decision runs afoul of Pennsylvania v. Finley, 481 U.S. 551 (1987) because his attorney's failure to notify him of the dismissal of his state law collateral claims deprived him of his opportunity to file a habeas petition. For the reasons discussed in our February 9, 2005 order, we disagree, and find no need to reconsider this order to correct a clear error of law or a manifest injustice.

AND NOW, to wit, this 20th day of July 2005, Petitioner Eddie Luckett's motion for reconsideration (Doc. 79) is **DENIED**.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court